IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Heath Banks, | Civil Action No.: 1:13-cv-00371 |
| Plaintiff, | |
| v. | |
| Williams & Fudge, Inc., | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Heath Banks, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and North Carolina Fair Debt Collection Practices Act by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Heath Banks ("Plaintiff"), is an adult individual residing in Durham, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Williams & Fudge, Inc. ("Williams"), is a New York business entity with an address of 300 Chatham Avenue, Rock Hill, South Carolina 29731-1590, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Grand Canyon University (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Williams for collection, or Williams was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Williams Engages in Harassment and Abusive Tactics**

10. In April 2013, Williams contacted Plaintiff in an attempt to collect the Debt.

11. Initially, Williams called Plaintiff at his place of employment in an attempt to collect the Debt.

12. During the initial conversation, Plaintiff advised Williams that he was willing pay the Debt and requested that a copy of promissory note be mailed to him.

13. During the same conversation, Plaintiff informed Williams that calls to his workplace were inconvenient and provided Williams with his residential telephone number for future communications.

14. On or about April 15, 2013, Williams called Plaintiff's residential telephone and had a conversation with Plaintiff, during which Plaintiff once again requested a copy of promissory note be sent to him..

15. Despite having been provided with Plaintiff's location and contact information and after having been in contact with Plaintiff, Williams called Plaintiff's coworker at her residence and asked the coworker if she could share some information about Plaintiff.

16. Williams disclosed the nature of the call to Plaintiff's coworker, causing Plaintiff a great degree of humiliation and distress.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

22. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

1. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

3. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

4. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

4

5. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that Defendant used conduct, the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the Debt.

6. The Defendant's conduct violated N.C. Gen.Stat. § 75-53(1) in that Defendant unreasonably publicized information regarding a consumer's Debt by communicating with a person other than the Plaintiff or his attorney.

7. The Defendant's conduct violated N.C. Gen.Stat. § 75-55 in that Defendant collected or attempted to collect a Debt by use of unconscionable means.

## COUNT III

### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

8. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

9. The Defendant's unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

10. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

11. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 per violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 30, 2013

Respectfully submitted,

By: _/s/ Ruth M. Allen_

Ruth M. Allen, Esq.
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh, NC  27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile:  (888) 953-6237
Attorney for Plaintiff

6

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

7